# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| SUSAN BRUCHHAUSER and CHARLES LIVERMORE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-860 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| vs. | **Jury Trial Demanded** |
| CLIENT SERVICES, INC., | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Susan Bruchhauser is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Charles Livermore is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from each Plaintiff debts allegedly incurred for personal, family or household purposes, namely credit card debts.

6. Defendant Client Services, Inc. ("Client Services") is a debt collection agency with its principal offices located at 3451 Harry S Truman Blvd., St. Charles, MO 63301.

7. Client Services is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Client Services is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Client Services is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

### *Bruchhauser Letter*

9. On or about May 24, 2017, Client Services mailed a debt collection letter to Plaintiff Bruchhauser regarding an alleged debt, allegedly owed to "Citibank, N.A." ("Citibank"). A copy of this letter is attached to this complaint as Exhibit A.

10. The alleged debt identified in Exhibit A is a credit card debt, issued by Citibank and used only for personal, family or household purposes such as purchases of goods and services.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by Client Services to attempt to collect alleged debts.

13. Exhibit A contains the following text: "We are offering you a settlement amount of $241.00 to settle this SEARS GOLD MASTERCARD account for less than balance due."

14. The letter also includes a "MINIMUM PAYMENT DUE: $350." Exhibit A.

2

15. <u>Exhibit A</u> is facially contradictory. In one place it states that the consumer can settle the debt for $241, but also states that the "minimum payment due" is a greater number, $350.

16. The unsophisticated consumer would be baffled by <u>Exhibit A</u>.

17. The unsophisticated consumer could not determine from <u>Exhibit A</u> if the settlement offer of $241.00 or the MINIMUM PAYMENT DUE of $350 is required to "settle this account for less than balance due."

18. The normal meaning of "settling" a debt means that the debt is permanently resolved in exchange for a payment of a portion of the balance.

19. The consumer could send a check for $241.00 and would not know whether he or she had sent enough money to actually settle the account, due to the possibility that the MINIMUM PAYMENT DUE was actually the amount required to settle the account.

20. The consumer could not know whether Client Services would even accept a payment of $241, as it is substantially less than the amount represented to be the "minimum payment."

21. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

22. Client Services' language discourages settlements, as the terms are ambiguous and contradictory

23. Client Services' language also encourages the consumer to make a payment *greater than* the settlement amount to avoid the chance that payment of the smaller amount would be rejected as insufficient.

### *Livermore Letter*

24. Plaintiff Livermore entered into a consumer transaction with "Capital One Bank (USA), N.A." ("Capital One") for a credit card.

25. On or about July 4, 2016, Client Services mailed a debt collection letter to Plaintiff regarding an alleged credit card debt, allegedly owed to Capital One and used only for personal, family or household purposes. A copy of the letter is attached to this complaint as Exhibit B.

26. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

27. Exhibit B states the following: "Other Charges: $0.00."

28. There is no explanation in the letter as to what the "Other Charges" are.

29. Although the amount of "Other Charges" in Exhibit B is $0.00, the letter implies that there could be some unknown fees added to the debt in future letters. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

30. The unsophisticated consumer interprets references to "charges" in collection letters, even when the amount is $0.00, as representations that the debt collector has a right to add charges to the alleged debt, and that charges will be sought in future letters.

31. The unsophisticated consumer would be confused by the nebulous reference on Client Services' letter to "Other Charges," and would have no idea what those charges are, potentially could be, or whether they are legitimate.

32. Plaintiffs were confused by Exhibit A and Exhibit B.

4

33. The unsophisticated consumer would be confused by Exhibit A and Exhibit B.

34. Plaintiffs had to spend time and money investigating Exhibit A and Exhibit B.

35. Plaintiffs had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiffs on the consequences of Exhibit A and Exhibit B.

36. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v.*

5

*Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

37. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

38. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. 15 U.S.C. § 1692e(2)(a) specifically prohibits: "The false representation of—the character, amount, or legal status of any debt."

40. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

41. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

42. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

43. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

6

44. Count I is brought on behalf of Plaintiff Bruchhauser.

45. <u>Exhibit A</u> provides a purported "settlement offer," but that offer is misleading, as the amount necessary to effectuate the settlement is unclear.

46. A consumer who mails a payment in the full amount of the "settlement amount" listed on the letter may not have sent enough money to actually settle the account.

47. Client Service's letter encourages settlement payments to be short of the amount necessary for the creditor to agree to settle the alleged debt, allowing Client Service's or the creditor to continue collecting the remaining balance of the alleged debt, plus additional interest.

48. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10) and 1692f.

## COUNT II -- FDCPA

49. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

50. Count II is brought on behalf of Plaintiff Livermore.

51. Client Services' threat to collect "other charges" which are not further specified or explained in <u>Exhibit B</u> is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

52. <u>Exhibit B</u> falsely represents that Defendant is lawfully entitled to collect other charges.

53. <u>Exhibit B</u> creates a false impression as to its authorization or approval for collecting other charges.

54. An unsophisticated consumer would have no idea what "other charges" are or could be or whether they are legitimate.

55. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

7

## CLASS ALLEGATIONS

56. Plaintiff brings this action on behalf of two classes.

57. Class One consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between June 21, 2016 and June 21, 2017, inclusive, (e) that was not returned by the postal service. Plaintiff Bruchhauser is the designated representative of Class One, which shall be called the "Settlement Class."

58. Class Two consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit B</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between June 21, 2016 and June 21, 2017, inclusive, (e) that was not returned by the postal service. Plaintiff Livermore is the designated representative of Class Two, which shall be called the "Other Charges Class."

59. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

60. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and 1692f.

61. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

62. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

63. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

64. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 21, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com

9

Case 2:17-cv-00860-LA    Filed 06/21/17    Page 9 of 9    Document 1